# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN R. ZIMMER, | Case No. 08cv2277 BTM(NLS) |
|---|---|
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| ROBERT J. HERNANDEZ, WARDEN, | |
| Respondent. | |

Steven R. Zimmer was convicted of first-degree murder and sentenced to 26 years to life. He was denied parole in 2007 and seeks a writ of habeas corpus challenging that denial as based on improper evidence and not based on some valid evidence. He further challenges the action of the Board of Parole Hearings' failure to set a release date. The Magistrate Judge filed a Report and Recommendation on September 30, 2010, recommending that the Petition be denied. Zimmer filed objections. the Court has made a de novo review of the Petition and overrules the objections and adopts the Report and Recommendation.

While the Court agrees with the Report and Recommendation's conclusion that there was sufficient evidence to deny parole, the Supreme Court, after the Report and Recommendation was filed, counseled the lower federal courts that they cannot consider whether the state courts were unreasonable in applying the "some evidence" standard. In Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit held that

1  "[a]pplicants for parole in California under the state's current laws may obtain federal habeas
2  review of whether there is 'some evidence' supporting a negative parole decision." Id. at
3  549.  However, on January 24, 2011, the United States Supreme Court overruled Hayward
4  and held that the California parole statute did not create a protected liberty interest
5  encompassing the "some evidence" requirement. Swarthout v. Cooke, 562 U.S. __, 2011
6  WL 197627 (Jan. 24, 2011) (per curiam) (denying federal habeas relief to two California
7  prisoners on that basis).

8       In Swarthout, although the Supreme Court found that the Ninth Circuit reasonably
9  applied United States Supreme Court authority to conclude California law creates a liberty
10 interest in parole, the Court emphasized "[w]hatever liberty interest exists is, of course, a
11 state interest created by California law." Swarthout at *2.  When a state creates a liberty
12 interest, "the Due Process Clause requires fair procedures for its vindication -- and federal
13 courts will review the application of those constitutionally required procedures." Id.  The
14 procedures required to satisfy federal due process in the parole context are "minimal." Id.
15 The Constitution requires no more than that a state prisoner be given an opportunity to be
16 heard and a statement of reasons why parole was denied. Id.

17      Contrary to recent Ninth Circuit opinions, the Swarthout Court held that "it is no federal
18 concern here whether California's 'some evidence' rule of judicial review (a procedure
19 beyond what the Constitution demands) was correctly applied." Id. at *3.  The Court
20 explained that because the only federal right at issue was procedural, "the relevant inquiry
21 is what process [the petitioners] received, not whether the state court decided the case
22 correctly." Id.  "[T]he responsibility for assuring that the constitutionally adequate procedures
23 governing California's parole system are properly applied rests with California courts, and is
24 no part of the Ninth Circuit's business." Id.

25      Accordingly, this Court cannot review whether the state court reasonably applied the
26 "some evidence" requirement.  This Court's inquiry is limited to the issue of whether Zimmer
27 received procedural due process.  Zimmer does not allege that he was not given the
28 opportunity to speak at his parole hearing and contest the evidence against him, or that he

did not receive notice of the reasons why the Board denied him parole. As counseled by the Swarthout Court: "That should [be] the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner] received due process." Id. at ** 2-3. Federal habeas relief on due process grounds is accordingly **DENIED**.

Zimmer also argues that improper evidence was considered and no release date was set. The contention that due process was violated by consideration and reliance on improper evidence is foreclosed by Swarthout. The claim that the Board of Parole Hearings erred by failing to set a release date is not cognizable on federal habeas as it asserts a violation of state law and does not present a claim for violation of federal law. 28 U.S.C. § 2554(a). Swarthout precludes the Court from considering the state's misapplication of its parole law as a violation of due process.

The Court has considered all of the claims in the Petition and holds that they do not merit federal habeas relief. Therefore, the Court orders as follows:

(1) The Report and Recommendation is **ADOPTED** with the modification noted herein based on Swarthout v. Cooke, 562 U.S. __, 2011 WL 197627 (Jan. 24, 2011) (per curiam);

(2) The Petition for a writ of habeas corpus is **DENIED**; and

(3) The Court **DENIES** a certificate of appealability on all claims.

**IT IS SO ORDERED.**

DATED: February 24, 2011

Honorable Barry Ted Moskowitz
United States District Judge